NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5638-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SEAN TALIAFERRO,

 Defendant-Appellant.
__________________________

 Submitted January 19, 2017 – Decided September 13, 2017

 Before Judges Fuentes and Simonelli.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Indictment No.
 05-09-2009.

 Sean Taliaferro, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Garima Joshi, Deputy
 Attorney General, of counsel and on the
 brief).

PER CURIAM

 Defendant Sean Taliaferro appeals the May 5, 2015 order of

the Criminal Part denying his pro se motion to correct an illegal
sentence which was imposed by the trial court on August 8, 2008.

We affirm.

 Defendant was tried before a jury on February 15 and 16,

2006, and convicted of second degree robbery, N.J.S.A. 2C:15-1,

third degree receiving stolen property, N.J.S.A. 2C:20-7, and

third degree eluding, N.J.S.A. 2C:29-2b. On March 31, 2006, the

trial court sentenced defendant to an extended term of seventeen

years on the robbery conviction, with an eighty-five percent period

of parole ineligibility and five years of parole supervision

pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The

court imposed a term of five years, with two-and-one-half years

of parole ineligibility on the convictions for receiving stolen

property and eluding, to run concurrent to each other but

consecutive to the seventeen-year term imposed on the robbery.

 We affirmed defendant's conviction on direct appeal, but

remanded for the trial court to resentence because, in imposing

the extended term on the second degree robbery conviction, the

judge failed to follow the sentencing procedures set forth in

State v. Pierce, 188 N.J. 155, 169 (2006) and State v. Natale, 184

N.J. 458, 466 (2005). State v. Taliaferro, No. A-6012-05 (App.

Div. Jan. 11, 2008) (slip op. at 26-28). Specifically, the judge

"made no reference and gave no consideration to the bottom of the

original term range[.]" Id. at 27. The Supreme Court thereafter

 2 A-5638-14T1
denied defendant's petition for certification. State v.

Taliaferro, 195 N.J. 419 (2008).

 On August 8, 2008, the trial court followed the procedural

guidelines established by the Court in Pierce and Natale and

imposed the same sentence. On September 11, 2008, defendant filed

a post-conviction (PCR) petition. The PCR court assigned counsel

to represent defendant and permitted defendant to file a pro se

supplemental brief. Defendant claimed he was denied the effective

assistance of counsel both at trial and in his subsequent appeal.

On June 25, 2009, the PCR judge found no grounds for relief and

denied defendant's petition. In response to defendant's appeal,

we affirmed the denial of his PCR petition. After reviewing the

record, we concluded that "none of defendant's attorneys was

ineffective in his defense." State v. Taliaferro, No. A-2055-09

(App. Div. Feb. 4, 2011) (slip op. at 11). The Supreme Court

denied defendant's petition for certification. State v.

Taliaferro, 207 N.J. 35 (2011).

 The United States District Court of New Jersey thereafter

denied defendant's petition for habeas corpus relief. Taliaferro

v. Balicki, Civ. No. 11-4714 (D.N.J. Oct. 7, 2013). On June 29,

2014, the Criminal Part denied defendant's pro se motion for a new

trial based on alleged newly discovered evidence. We affirmed

the Criminal Part's order. State v. Taliaferro, No. A-3056-12

 3 A-5638-14T1
(App. Div. Dec. 5, 2014) (slip op at 12). The Supreme Court denied

defendant's petition for certification. State v. Taliaferro, 222

N.J. 15 (2015).

 In this appeal, defendant challenges the May 5, 2015 order

entered by Judge Bernard E. DeLury, Jr., which denied his pro se

motion to correct an illegal sentence. We will not recite the

facts that led to defendant's conviction. Instead, we incorporate

by reference the factual recitation included in our previous

unpublished opinions mentioned herein. Here, defendant raises the

following argument.

 POINT ONE

 TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S
 MOTION TO CORRECT AN ILLEGAL EXTENDED TERM
 SENTENCE.

 Defendant's argument lacks sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(2). We affirm

substantially for the reasons expressed by Judge DeLury in his

letter-opinion dated May 5, 2015.

 Affirmed.

 4 A-5638-14T1